[No. 2,990.]

## THE PEOPLE OF THE STATE OF CALIFORNIA v. JAMES HARRINGTON AND WILLIAM MINOR.

MATTER OF REVIEW.—Any action of the Court during the progress of a trial for felony, which deprives the defendant of a substantial legal right in the premises, or to his prejudice, to any extent, withholds or abridges a substantial, legal, or constitutional privilege of a defendant, and by him claimed on the trial, is a proper subject matter of review on appeal.

RIGHT OF PRISONER TO APPEAR FOR TRIAL WITHOUT IRONS.—By the common law a prisoner is entitled to appear for trial, upon his own plea of not guilty, free from all manner of shackles or bonds, unless there is danger of his escape.

IDEM.—To require a prisoner during the progress of his trial to appear and remain with chains and shackles upon his limbs, without evident necessity as a means of securing his presence for judgment, is a violation of the common law rule and of the thirteenth section of the Criminal Practice Act.

APPEAL from the County Court of Calaveras County.

The facts are stated in the opinion of the Court.

*George W. Tyler*, for Appellants, argued that by the common law the appellants were entitled to appear for trial without shackles, and that the denial of that right prejudiced them in the minds of the jury. (Bract. 1, 3 de Caron. C. 18, Sec. 3; Flet. 1, 1 C. 31; 1 Britt. Ch. 5; 2 Hale's P. C.

219; 2 Hawk. P. C. 308; 4 Black. Com. 322, and notes; Waite's Case, Leach, 34; 6 State Trials, 230.) He also argued that the action of the Court was a violation of law. (Practice Act, Sec. 13.)

*Attorney General Hamilton,* for Respondent, argued that even if the action of the Court was erroneous, the matter of refusing to order the irons removed was no part of the trial of the cause.

By the Court, SPRAGUE, J.:

The defendants were indicted, tried, and convicted of the crime of robbery, and appeal from the judgment of the Court rendered against them upon the verdict. The only point now urged by the defendants against the validity of the judgment is presented by the following bill of exceptions:

" On the 22d day of June, 1871, a jury was called, impaneled, and sworn in said cause to try said cause—the defendants at the time being in Court and in irons. The counsel for defendants asked that the irons be removed from the limbs of defendants while they were being tried. The Court refused to order the same to be done, and ruled and decided that said defendants should be tried while in irons—no circumstances or facts being shown to the Court why a different rule should be enforced in this cause than any other—the Court being of the opinion that no rights of defendants were violated by being tried in irons without their consent, to which ruling and decision of the Court the defendants, by counsel, then and there excepted."

Appellants insist that by the action of the Court in refusing, upon their motion, to direct the manacles which were upon their limbs to be removed while they were in Court upon trial, and compelling them to be tried while their limbs were shackled with irons, without any apparent or pretended

necessity therefor, they were deprived of a substantial legal right, and that the judgment, for that reason, should be reversed. In answer, the Attorney General claims that this action of the Court is no part of the trial of the case, and hence cannot be reviewed on appeal.

I think there can be no question but that any action of the Court during the progress of a trial for felony which deprives the defendant of a substantial legal right in the premises, or to any extent, to his prejudice, withholds or abridges a substantial legal or constitutional privilege of a defendant, and by him claimed on the trial, is a proper subject matter of review by this Court on appeal. (*People* v. *Keenan*, 13 Cal. 584.) The question, then, is whether a prisoner placed upon his trial for a felony, can, as a legal or constitutional right, demand that during his trial, while before the Court and jury, his limbs should not be manacled, or that he should not be *in vinculis* during his trial, there being no pretense of necessity for such restraint to secure his continued presence in Court.

It has ever been the rule at common law that a prisoner brought into the presence of a Court for trial, upon his plea of not guilty to an indictment for any offense, was entitled to appear free of all manner of shackles or bonds; and prior to 1722, when a prisoner was arraigned, or appeared at the bar of a Court to plead, he was presented without manacles or bonds, unless there was evident danger of his escape. (2 Hale's Pleas of the Crown, 219; 4 Black. Com. 322; Layer's Case, 6 State Trials, 4th edition, by Hargrave, 230, 231, 244, 245; Waite's Case, 1 Leach's Cases in Crown Law, 36.)

The Legislature of this State, at its first session, declared that "the common law of England, so far as it is not repugnant to or inconsistent with the Constitution of the United States, or the Constitution or laws of the State of California, shall be the rule of decision in all the Courts of this State " (Stats. 1850, p. 219); and by the thirteenth section of our

Criminal Practice Act it is declared that "no person shall be compelled in a criminal action to be a witness against himself, nor shall a person charged with a public offense be subjected, before conviction, to any more restraint than is necessary for his detention to answer the charge."

The same statute also requires that at every stage of a prosecution for felony the defendant shall personally be present in Court. (Secs. 259, 320, 415, 449, Criminal Practice Act.)

By section eight, Article I, of our State Constitution, it is declared that "in any trial in any Court whatever, the party accused shall be allowed to appear and defend in person and with counsel;" and further, by the Act of April 2d, 1866, in all proceedings against persons charged with the commission of crime or offense, the person so charged is granted the privilege, on request, of testifying in his own behalf as a competent witness. (Stats. 1865–6, p. 865.)

A prisoner upon his trial in Court is in the custody of the law, and under the immediate control of and subject to the orders of such Court. Should the Court refuse to allow a prisoner on trial for felony to manage and control, in person, his own defense, or refuse him the aid of counsel in the conduct of such defense, he would manifestly be deprived of a constitutional right, and a judgment against him on such trial should be reversed. In my opinion any order or action of the Court which, without evident necessity, imposes physical burdens, pains, and restraints upon a prisoner during the progress of his trial, inevitably tends to confuse and embarrass his mental faculties, and thereby materially to abridge and prejudicially affect his constitutional rights of defense; and especially would such physical bonds and restraints in like manner materially impair and prejudicially affect his statutory privilege of becoming a competent witness and testifying in his own behalf.

Again, to require a prisoner during the progress of his

trial before the Court and jury to appear and remain with chains and shackles upon his limbs, without evident necessity for such restraint, for the purpose of securing his presence for judgment, is a direct violation of the common law rule, and of the thirteenth section of our Criminal Practice Act.

In the present case there is no pretense of necessity for the manacles and chains upon the defendants during their trial, to secure their presence to answer the judgment.

The action of the Court, as disclosed by the bill of exceptions, was manifestly erroneous and materially prejudicial to the legal rights of defendants.

Judgment reversed and cause remanded for a new trial.