[Criminal No. 126.   Filed February 23, 1898.]

[52 Pac. 361.]

## JAMES F. PARKER, Defendant and Appellant, v. TERRITORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW—APPEAL AND ERROR—LAWS 1897, ACT No. 71, DOES NOT APPLY TO APPEALS IN CRIMINAL CASES.—Act No. 71, *supra,* "relating to appeals and writs of error from the district and circuit courts of the territory of Arizona to the supreme court," has no relation to appeals in criminal cases.

2. SAME—SAME—SAME—PRACTICE—CHANGE IN—MURDER—REVIEW UPON IMPERFECT RECORD—REV. STATS. ARIZ. 1887, PENAL CODE, PAR. 1880, CITED.—An appeal in a criminal case being erroneously taken under act No. 71, *supra,* this being the first session of the supreme court after the passage of the act, and paragraph 1880, *supra,* providing that the appellate court in criminal cases shall look into the record, and that the appeal shall not be dismissed if sufficient matter be contained in the record to enable the court to decide the cause on its merits, this court will not dismiss the appeal, or examine only into the indictment and judgment, where the charge is murder.

3. SAME—GRAND JURY—CHARGE.—A charge to the grand jury, calling their attention to a recent jail-breaking in which a citizen had lost his life, and asking that they investigate all of the circumstances pertaining thereto, and to make an early report, but containing no reference to the defendant, subsequently indicted by such grand jury for the murder of the citizen, is not error.

4. SAME—TRIAL—SHACKLING PRISONER—HARMLESS ERROR.—The shackling of a lawless, desperate character upon his first arraignment for murder is not reversible error where the record shows that the arraignment was set aside and fails to show that he was so shackled at the second arraignment or at any subsequent time during the trial.

5. SAME—INDICTMENT—SETTING ASIDE—APPEAL AND ERROR—RECORD—INSUFFICIENCY—REV. STATS. ARIZ. 1887, PENAL CODE, PARS. 1513, 1387, CONSTRUED.—Paragraph 1513, *supra*, provides: "The indictment must be set aside by the court in which the defendant is arraigned upon his motion in either of the following cases: . . . (4) When the defendant had not been held to answer before the finding of the indictment on any ground which had been good ground for challenge, either to the panel or to any individual juror [grand juror]." Paragraph 1387, *supra*, provides: "A challenge to an individual grand juror may be interposed if a state of mind exists upon his part in reference to the case or to either party which satisfies the court, in the exercise of a sound discretion, that he cannot act impartially and without prejudice to the substantial rights of the party challenging." This right can only be exercised, after the indictment, by the defendant, when he had not been held to answer before the impaneling of the grand jury, and was not present at the impaneling. Where the record shows that defendant was present at the impaneling of the grand jury, and does not show that he was not then charged with the crime of murder, he cannot complain of the overruling of his motion to set aside the indictment.

6. SAME—SAME—SAME—MOTION—MUST BE SUPPORTED BY AFFIDAVITS OR RECORD.—Motions to set aside an indictment, unsupported by affidavit, and not showing the nature or character of the evidence upon which they are based, are insufficient. They must be based upon some facts appearing from the record or otherwise produced before the court.

7. SAME — CHANGE OF VENUE — PREJUDICE — SHOWING — TERRITORY v. BARTH, 2 ARIZ. 319, FOLLOWED.—It is not error for the trial court to refuse a motion for a change of venue supported by the affidavits of defendant, his co-defendants, and five others, including his two counsel, tending to show a prejudice in the county which would preclude a fair trial, where the same was met by affidavits of eighty-four citizens, including nineteen grand jurors, who found the indictment, denying the existence of such prejudice. *Territory* v. *Barth, supra,* followed.

8. SAME—MURDER—INSTRUCTIONS—PREMEDITATION AND DELIBERATION—EVIDENCE.—Where the evidence showed that defendant and others broke jail, and in the scuffle the jailer made an outcry, and one Lee Norris came to his assistance, but, on seeing defendant armed with a shot-gun, turned to flee, when defendant shot him in the back, it

is not error for the court to refuse to instruct the jury that, under the evidence in the case, no deliberation or premeditation relating to the killing of Lee Norris has been proven by the prosecution, and therefore the defendant cannot lawfully be found guilty of murder in the first degree. It was the duty of the court, under proper instructions, to submit to the jury the question of premeditation and deliberation.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. J. D. Bethune, Judge. Affirmed.

The facts are stated in the opinion.

J. E. Morrison, and George Arthur Allen, for Appellant.

C. M. Frazier, Attorney-General, H. D. Ross, District Attorney, and P. W. O'Sullivan, Assistant District Attorney, for Respondent.

STREET, C. J.—1. The appellant, James F. Parker, was indicted at the June term of the district court in the year 1897, by the grand jury of Yavapai County, for the crime of murder, upon which he was tried and convicted June 17, 1897, the jury affixing to their verdict the death penalty, upon which judgment and sentence of death were entered. Appellant was confined in the county jail of Yavapai County, at Prescott, and while so confined, on the ninth day of May, 1897, with one L. C. Miller and Cornellia Surrota, a Mexican, also confined in said jail, made their escape by overpowering the jailer, Robert Meador. In the scuffle the jailer made an outcry, and one Lee Norris, assistant district attorney of Yavapai County, being at that time in the office of the district attorney at the courthouse, ran to his assistance. The appellant, Parker, had obtained a shot-gun from the room of the jailer, and had it in his hands, when Lee Norris made his appearance on the stairway leading to the jail, seeing which, he turned to flee up the stairs when appellant shot him in the back, from which gunshot wound said Norris in a few hours died. Appellant, with his companions, went to a neighboring livery stable, seized some horses, and fled to the mountains. A sheriff's posse was organized, which gave pursuit, and, after a chase continuing many days, appellant was recaptured, and again placed in

the jail of Yavapai County. Appellant has prosecuted his appeal under the provisions of act No. 71 of the nineteenth legislative assembly of Arizona, 1897, being an act "relating to appeals and writs of error from district and circuit courts of the territory of Arizona to the supreme court," and has certified up the evidence and papers and files in the case, without any bills of exception or statement of facts. In this proceeding counsel for appellant are in error, and have mistaken the method prescribed for appeals in criminal prosecutions. The act above mentioned has relation only to appeals in civil cases. By a careful reading of that act it will be observed that it was not the intention of the legislature to make the same applicable to appeals in criminal prosecutions. It provides for appeals and writs of error, and speaks of plaintiffs in error and of appellees, neither of which terms is used in the statute designating the parties in criminal appeals, but are terms used in the statutes with reference to civil appeals. In criminal appeals the parties are designated as appellant and respondent, and no provision is made for writs of error. That act dispenses with bills of exceptions. Criminal appeals are heard upon bills of exceptions and statements of facts. The provisions of that act can be made applicable to civil appeals, but cannot be made applicable to criminal appeals without further or additional legislation upon the subject. The appellate court, however, is required to look into the record, and the appeal shall not be dismissed if sufficient matter or substance be contained in the record to enable the court to decide the cause on its merits. Pen. Code, par. 1880. The court in this instance is disposed to go further, and to review all the errors complained of. This is the first session of the supreme court since the passage of act No. 71, and counsel have permitted themselves to be led into the mistake of conceiving the law applicable to criminal appeals, without having had the guidance of the court upon this question. Under such circumstances, the court does not feel like summarily dismissing the appeal, or examining only into the indictment and judgment, where the charge is so serious as that contained in this indictment. In making the investigation, however, the court finds itself embarrassed from the lack of bills of exceptions.

2. First. The first assignment of error is, that the court erred in its charge to the grand jury. We find no charge to

the grand jury in the record, except in an affidavit of appellant and L. E. Miller, asking for a change of venue. But, referring to the language in that affidavit, and treating it as a matter properly before this court, the same as though it were contained in the bill of exceptions and statement of facts, we cannot find any language therein which refers to this defendant in any way. The attention of the grand jury is called to the recent jail-break, in which a citizen had lost his life, and asks them to investigate all of the circumstances pertaining thereto, and to make an early report upon the matter.

Second. The second assignment of error is, that the court erred in denying the defendant's motion to have his shackles removed when he appeared in open court upon his arraignment. As to the facts upon which that is based, the court is at somewhat of a loss, because of the lack of the bill of exceptions and statement of facts, for it appears from the minutes that the defendant was twice arraigned upon this indictment, —the first arraignment being set aside, and defendant was again arraigned; and it does not appear that he was in shackles at the time of the second arraignment. Paragraph 1106 of the Penal Code provides: "A person charged with a public offense shall not before conviction be subjected to any more restraint than is necessary for his detention to answer the charge,"—which is but the common-law and constitutional right of a prisoner embodied in the statute. "It has, however, been the rule at common law that a prisoner brought into the presence of the court for trial, upon his plea of not guilty to an indictment for any offense, was entitled to appear free from all manner of shackles or bonds; and, prior to 1722, when a prisoner was arraigned or brought to the bar of a court to plead, he was presented without manacles or bonds, unless there was evident danger of his escape." *People* v. *Harrington*, 42 Cal. 167, 10 Am. Rep. 296, citing 2 Hale, P. C. 219; 4 Blackstone's Commentaries, 322; *Layer's Case*, 6 St. Trials (4th ed., by Hargrave) 230; *Waite's Case*, 1 Leach, 36. The record does not disclose the fact that the prisoner was in shackles during any other period of his trial, nor is it asserted by his counsel that he was so shackled. The record reveals the fact that the defendant was a lawless, desperate character, who had to be guarded with the greatest care and vigor. Thousands of dollars reward were offered for his recapture, as well as for

his original arrest for train robbery; and if it were a fact that he was in shackles at the time of arraignment, but not at the time of trial, the court could not consider that he had been unduly restrained of his liberty or deprived of his right to manage and control in person his own defense untrammeled, or that he was under such physical burdens, pains, and restraints as to confuse and embarrass his mental faculties.

Third. The third assignment of error is, that the court erred in overruling defendant's motion to set aside the indictment and his offer to introduce testimony to substantiate the allegations in said motion contained. Paragraph 1513 of the Penal Code: "The indictment must be set aside by the court in which the defendant is arraigned upon his motion in either of the following cases: . . . (4) When the defendant had not been held to answer before the finding of the indictment on any ground which had been good ground for challenge, either to the panel or to any individual juror [grand jury]." Subdivision 5 of paragraph 1387 provides: "A challenge to an individual grand juror may be interposed if a state of mind exists upon his part in reference to the case or to either party which satisfies the court, in the exercise of a sound discretion, that he cannot act impartially and without prejudice to the substantial rights of the party challenging." This right can only be exercised after indictment by the defendant when he had not been held to answer before the impaneling of the grand jury, and was not present at the impaneling. Without the aid of bills of exceptions, we have to depend upon the minute entries of the paneling of the grand jury, which is as follows: "There being a full panel of grand jurors present, and having been sworn to answer as to their qualifications, and examined and passed, now, on motion of the district attorney, prisoners James Parker, Abe Thompson, et al., . . . having been held to answer and being in custody, were brought into court for the purpose of exercising their right of challenge to the panel of the grand jury, or to any individual grand juror, if any they had. And the said prisoners, James Parker et al., . . . having no counsel, and stating to the court that they were unable to procure such, thereupon the court assigned counsel for said prisoners for this arraignment before the grand jury as follows: J. E. Morrison, G. A. Allen. . . . There being no challenges, and there being twenty grand jurors present, the

court appointed M. Bradley foreman of the grand jury, and, being sworn as such foreman, and the grand jurors being sworn, were duly charged by the court and retired, and the said prisoners were remanded to await the action of the grand jury in their respective cases.'' It is argued by counsel that the defendant had been held only to answer to the charge of train robbery, and that his presence before the court at the time the grand jury was impaneled only gave him an opportunity to examine the grand jury in reference to the defendant on that charge. When we take into consideration the history of the killing, flight, and recapture of the defendant, as exposed by the record, one would naturally think that the defendant would have been apprised of the fact that he was about to be accused of murder; and, if he were possessed of any caution, he would be desirous of inquiring of the grand jury of the existence of any bias or prejudice in their minds against him in connection with that charge. The record, however, shows he was present at the impaneling of the grand jury, and does not show that he was not then charged with murder, which would effectually dispose of that assignment of error.

But, furthermore, paragraph 1388 of the Penal Code provides that such challenges may be oral or in writing, and must be tried by the court. At the time of arraignment the defendant made the following motion: ''Come now the above-named defendants, and show to the court that neither of them was held to answer upon the charge preferred against them in the indictment in this case, and move to set aside the indictment herein upon the following challenge to the hereinafter-named individual grand jurors, the said grand jurors being members of the grand jury which found and returned said indictment, to wit: That a state of mind exists, and did exist at the time of the finding of said indictment, and prior thereto, on the part of E. H. Fredericks, W. A. Deering, J. H. Ehle, Mark Bradley, Frank Doggett, A. Falco, J. P. Bruce, R. H. Burmister, J. G. Allen, J. R. Dillon, J. W. Archibald, Joseph Johndrew, F. E. Jordan, J. M. Croxdale, Robert Drynau, A. G. Oliver, E. E. Gregory, A. A. Moore, E. J. Austin, and John Smith, in reference to this case, and to the said defendants, and to each of them, which prevented the said above-mentioned grand jurors, and each of them, from acting impartially in this case, and without prejudice to the substantial rights of

these defendants herein; and for the further reason that said indictment does not purport to show the names of the witnesses examined before the grand jury upon the finding of said indictment. Wherefore, the said defendants pray that the said indictment be set aside and held for naught. And thereupon defendants' counsel did offer and ask leave to introduce testimony and evidence to substantiate the allegations in said motion to set aside the indictment contained. Said motion was then argued, and the court, being fully advised, overruled said motion, and overruled said offer of defendants to produce proof of said allegations in said motion contained, to which said action of the court, the defendants then and there, in open court, then and there excepted.'' The defendants did not introduce any affidavit in support of said motion. There is nothing to show whether the grand jury was then in session and could have been examined or not. There was nothing to show the nature and character of the evidence, nor anything, in fact, upon which to base the motion. Motions to set aside indictments must be based upon some facts appearing from the record or otherwise produced before the court. It is not sufficient for counsel, orally or in writing, to say to the court, ''We move to set aside the indictment and ask for the privilege to make proof,'' without having laid a foundation for their motion. The cases cited by appellant—to wit, *People* v. *Travers*, 88 Cal. 236, 26 Pac. 88, and *People* v. *Turner*, 39 Cal. 370—bear out the views of the court in this particular, and we see no error in the court having overruled the motion to set aside the indictment.

3. It is further assigned as error that the court erred in overruling the motion for a change of venue. The motion was supported by the affidavit of defendant and his co-defendant, L. C. Miller, and the affidavits of five others, including the two counsel for the defendant, tending to show that such a prejudice existed against the defendant in Yavapai County as would prevent him from having a fair trial; and the same was met by the affidavit of eighty-four citizens of Yavapai County, including nineteen grand jurors who found the indictment, denying the existence of such prejudice. Upon the authority of this court, as established in the case of *Territory* v. *Barth*, 2 Ariz. 319, 15 Pac. 674, it cannot be said that the court erred in refusing to grant a change of venue.

The remaining errors complained of refer to the instructions of the court and the overruling of the motion for a new trial. Appellant principally complained that the court refused to give the following instruction at his request, to wit: "The court instructs the jury that, under the evidence in this case, no deliberation or premeditation relating to the killing of Lee Norris has been proven by the prosecution. The court therefore instructs the jury that the defendant in this case cannot lawfully be found guilty of murder in the first degree." We cannot see any error in refusing to give this instruction. An examination of the evidence clearly made it the duty of the court to submit to the jury, under proper instructions, which were given, the question whether the killing of Lee Norris was done with premeditation and deliberation; and the court committed no error in refusing to give that instruction.

We have carefully examined the full record, notwithstanding the failure of counsel to present the errors complained of by way of bill of exceptions and statement of facts, and have been led to do this, not only because of the earnest efforts of counsel, and their zealous and masterly way of arguing every objection, but from the importance of the case itself. We find no error which would warrant a reversal of the case. The judgment of the district court is affirmed.

Sloan, J., Davis, J., and Doan, J., concur.