[Criminal No. 131.  Filed March 15, 1899.]

[56 Pac. 718.]

ROBERT MEARA, Defendant and Appellant, v. TERRI-
TORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW—APPEAL AND ERROR—LAWS 1897, ACT NO. 71, RE-
   LATES ONLY TO CIVIL APPEALS—CRIMINAL APPEALS—NECESSITY
   FOR BILL OF EXCEPTIONS OR STATEMENT OF FACTS—PARKER V. TER-
   RITORY, 5 ARIZ. 283, FOLLOWED.—The statute, *supra,* has relation
   only to appeals in civil cases.  In appeals in criminal cases errors
   outside of the record proper must be set out in a bill of exceptions
   or statement of facts, and the assignments of error being such as
   would have to so appear, we cannot examine into them.

APPEAL from a judgment of the District Court of the
Fourth Judicial District in and for the County of Mohave.
R. E. Sloan, Judge.  Affirmed.

The facts are stated in the opinion.

E. M. Sanford, and J. C. Herndon, for Appellant.

C. F. Ainsworth, Attorney-General, and E. E. Ellinwood,
for Respondent.

STREET, C. J.—The appellant, Robert Meara, was con-
victed in the district court of the fourth judicial district of
the territory of Arizona, held in and for the county of Mo-
have, on October 27, 1898, of the crime of grand larceny.  He
thereafter duly made a motion for a new trial, which was de-
nied by the court, to which ruling he took exception.  He was
thereupon sentenced to imprisonment in the territorial prison.
Appellant makes his assignment of errors as follows, to wit:
"(1) The court erred in permitting the plaintiff to read in
evidence the certificate, plaintiff's Exhibit No. 1, for the
reason that the indictment charges the property to be that of
J. P. Finegan and Martha J. Finegan, whereas the certificate
describes the property of J. P. and Martha J. Finegan.   (2)
The court erred in refusing the motion of defendant to strike
out the evidence of the certificate of the live-stock sanitary
board, No. 1442, for the reason that the brand is not charged

in the indictment to be a 25 connected brand. (3) The court erred, on cross-examination, in sustaining the objection of plaintiff's counsel to the question put to the witness Finegan, as follows: 'Have you been employing any counsel to assist in the prosecution of this case?' (4) The court erred in sustaining the objection of plaintiff's counsel to the answering of the question put to the witnesss Finegan upon cross-examination, as follows: 'Any kind of fees?' (5) The court erred in sustaining the objection of plaintiff's counsel to the question put by the defendant to witness Finegan as follows: 'Have you advanced, or promised to advance, any moneys to any one on account of any expenses in the prosecution of the defense in this case; that is, the prosecution of the defendant in this case?' (6) The verdict is not sustained by the evidence. (7) The verdict is contrary to law.''

He asks the supreme court to investigate these assignments of error on an appeal taken by him under act No. 71 of the nineteenth legislative assembly of the territory of Arizona, and for that purpose has had certified and transmitted to this court the original papers and a transcript of the reporter's notes taken on the trial without any bills of exception or statement of facts accompanying the same, as prescribed by paragraph 1870 of the Penal Code of Arizona. This court, at the January term, 1898, in the case of *Parker* v. *Territory,* reported in 5 Ariz. 283, 52 Pac. 361, expressly held that the act above mentioned has relation only to appeals in civil cases. We there said: ''By a careful reading of that act it will be observed that it was not the intention of the legislature to make the same applicable to appeals in criminal prosecutions. It provides for appeals and writs of error, and speaks of 'plaintiff in error' and of 'appellees,' neither of which terms is used in the statute designating the parties in criminal appeals, but are terms used in the statutes with reference to civil appeals. In criminal appeals, the parties are designated as 'appellant' and 'respondent,' and no provision is made for writs of error. That act dispenses with bills of exceptions. Criminal appeals are heard upon bills of exceptions and statements of fact. The provisions of that act can be made applicable to civil appeals, but cannot be made applicable to criminal appeals, without further or additional legislation upon the subject.'' The case of *Parker* v. *Territory,* being the

first case considered by the supreme court in relation to the application of act No. 71 to appeals in criminal cases after the passage of that act, and appellant having been convicted and sentenced to death, the court made an exception of that case, and examined into every portion of the record as filed, and into every assignment of error, as best it could, without the aid of a bill of exceptions or statement of facts. This court having, in the case of *Parker* v. *Territory,* passed upon the application of act No. 71 of the nineteenth legislative assembly to appeals in criminal prosecutions, and having decided that errors outside of the record proper must be set out in a bill of exceptions or statement of facts, and the assignments of error in this case being such as would have to so appear, we cannot examine into them. The leniency extended to that case cannot be extended to this. We have examined into the record proper, as required by paragraph 1880 of the Penal Code, and find no error therein.

Counsel have sought, in their brief and oral argument, to obtain a reconsideration of the holding in the case of *Parker* v. *Territory,* and have the rule there announced reversed. We have given consideration to their briefs, and, at their request, have made a review of the appeal law, as prescribed in the Revised Statutes for causes on civil appeals, and in the Penal Code on criminal appeals, in relation to act No. 71, and we see no reason for changing our views in reference thereto, or modifying or reversing the rule in the Parker case. The judgment of the district court is affirmed.

Davis, J., and Doan, J., concur.