[Crim. No. 506. Fourth Appellate District.—November 2, 1937.]

THE PEOPLE, Respondent, v. GEORGE H. THOMPSON, Appellant.

George H. Thompson, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

MARKS, J.—This is an appeal from a judgment pronounced upon defendant after a jury had found him guilty of grand theft, and from an order denying his motion for new trial.

On Sunday, November 22, 1936, defendant, by means of fraudulent representations and under the name of Lloyd E. Ingrim, obtained an automobile from Herring & Kieffer of Fresno. On the evening of November 26, 1936, the automobile was wrecked on the streets of Fresno. Defendant was arrested the same evening.

Defendant is appearing *in propria persona*. While his brief is most informal and does not conform to the rules of court, we have studied the entire record and have given it careful consideration.

Defendant makes several specifications of error which may be considered under the contention that the evidence is insufficient to support the judgment and verdict.

There were admitted in evidence a conditional sales contract and other written documents which bore the signature Lloyd E. Ingrim or L. E. Ingrim. There was no evidence that defendant signed any of these documents, ever saw them, had knowledge of the contents of any of them, or had ever heard of them prior to his preliminary examination. Nevertheless, they were read to the jury. It is so obvious that they were inadmissible and that defendant's frequent objections to their admission in evidence should have been sustained that it would seem unnecessary to amplify the reasons or cite authorities in support of this conclusion. Other incompetent evidence was also admitted. In our summary of the facts we will detail only those which we believe are supported by competent evidence.

 Defendant came to the salesroom of Herring & Kieffer about noon on November 22, 1936. He looked at automobiles on display and was engaged in conversation by a salesman. He gave his name as Lloyd E. Ingrim, said he was living on a farm near Riverdale and wanted to purchase an automobile; that he had sold some cattle and would receive payment for them the following day. He gave two references and finally decided on the purchase of an automobile costing in excess of $1500. The sales manager called up one of the references and approved the sale. Defendant left a check or checks and drove the automobile away from the salesroom. The next morning John Herring, one of the owners of the automobile sales agency, found two checks at the place of business. One was for $500 signed by Lloyd E. Ingrim and was drawn on the Hanford Branch of the Bank of America. He took the check to the bank and attempted to cash it. Payment was refused because Ingrim had no account in the bank. A bank employee testified that he searched the bank records and found no account in the name of Ingrim. The other check was postdated. It was drawn on another bank and was not paid on presentation.

Lloyd E. Ingrim testified for the People. He lived at Riverdale. Defendant was his brother-in-law. Ingrim had not been in the place of business of Herring & Kieffer. He had not purchased any automobile. He had not authorized defendant to either purchase one for him or to sign his name to any papers. Defendant was not a farmer and did not live on a farm near Riverdale. He had recently escaped from jail.

A mere statement of the evidence is sufficient to demonstrate its sufficiency to support the verdict and judgment. There is scant possibility of any doubt of defendant's guilt.

 Defendant was brought into court shackled with leg irons. His counsel moved that they be removed. This motion was denied. Defendant sat through the trial in irons. While ordinarily a defendant should not be manacled while he is in court, in an extreme case it may be done. (*People v. Kimball*, 5 Cal. (2d) 608 [55 Pac. (2d) 483].) In the instant case there appears little sound reason for the extreme treatment.

 Defendant urges that the sentence pronounced upon him is unlawful. He states that at the time of the trial he

was sentenced, as an habitual criminal, to confinement in the state penitentiary at Folsom for the rest of his natural life. In the instant case he was sentenced to imprisonment for the term prescribed by law, imprisonment to commence at the end of the sentence he was then serving. Assuming, without holding, that defendant's contention is sound, there is no evidence in the record to show that he was serving a life term as an habitual criminal. If he is serving such a sentence, and if he serves it out, the imposition of the sentence for an additional term could not be prejudicial to him.

Defendant complains of instructions given by the trial judge, but does not identify any instruction or point out any error. We have read all of the instructions and can find no prejudicial error in them.

While it is true that there are errors in the record, the evidence of defendant's guilt is so clear and convincing that we do not hesitate to say there has been no miscarriage of justice in his conviction. Under such circumstances we cannot reverse the judgment or order a new trial because of the provisions of section 4½ of article VI of the Constitution.

The judgment and order appealed from are affirmed.

Barnard, P. J., and Jennings, J., concurred.