[Crim. No. 16144. Second Dist., Div. Two.  Mar. 3, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT LINEMAN, Defendant and Appellant.

## COUNSEL

David Marc Greenstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Mark Leicester, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**HERNDON, J.**—Appellant was charged with four counts of robbery and with a prior conviction of burglary. He admitted the prior and a jury found him guilty of first degree robbery. The appeal is from the judgment of conviction.

The sufficiency of the evidence is unquestioned. The overwhelming evidence of appellant's guilt includes the testimony of five victims each of whom positively identified him at the trial as one of the three participants in the commission of the crime. Various items of personal property of the several victims were found under appellant's bed and elsewhere in the apartment in which he and another participant in the crime were arrested later on the day of its commission.

Appellant advances two contentions: (1) that he was denied due process of law because his attorney was not present when photographs were shown to four of the victims for the purpose of ascertaining whether they could identify that of appellant as one of the three perpetrators of the robbery, and that the procedure followed during the photographic identification was unfair; and (2) that he was denied a fair trial by reason of the asserted fact that on one occasion he had been "led up to the courtroom in the presence of the jury handcuffed with the witness Mr. Peters."[1] Our review has satisfied us that there is no merit in either of these contentions.

Appellant and his codefendant Peters were arrested following the latest in a series of robberies of bars and cocktail lounges located in the same general area. On the day following the robbery involved in this case the police scheduled a lineup and summoned approximately 30 persons who had been victims of the instant and other recent robberies.

Shortly before the time of the scheduled lineup it developed that appellant's counsel would be unable to attend and appellant had indicated his unwillingness to attend and participate in the lineup without the presence of his counsel. In view of this development the lineup was not conducted.

Instead, the officers secured photographs of appellant and Peters and of five other persons, all of whom were of the same general appearance and approximate age and all of whom were Caucasians. All of the victims had been seated in one room. One at a time they were directed to go into another room across the hall, to look at the photographs and then leave. The officers instructed them not to talk to each other concerning the identification of the three robbers. They were not allowed to return to the waiting room after

---

[1]Peters, who was named as a codefendant, and who pleaded guilty before the commencement of the trial, testified as a witness for the defense.

each of them had viewed the photographs separately. Four of the five victims who later testified at the trial were among those who participated in this identification procedure and each of them identified appellant's photograph as that of one of the three robbers.

The trial court, after conducting a hearing on the issue out of the presence of the jury, concluded that the extrajudicial photographic identification procedure "was conducted with scrupulous regard for fairness and defendant's rights." The record demonstrates the complete correctness of the trial court's observation. The fairness of the procedure followed was confirmed during the trial by the testimony of the victims, each of whom had a favorable opportunity to observe appellant during the commission of the crime. These in-court identifications of appellant clearly were independent of the pretrial photographic identification. In short, the record contains nothing constituting the faintest indication of anything suggestive, improper or unfair in the identification procedure followed in this case.

Counsel has cited no decision, and we know of none, which holds that a suspect is entitled to have an attorney present during the course of investigatory identification procedures of the nature conducted in this case. We find no error, but even if error were assumed we would declare our conclusion beyond a reasonable doubt that it was not prejudicial and that there was no miscarriage of justice. The evidence of appellant's guilt is overwhelming, practically to the point of being conclusive, and the photographic identification procedure was conducted with scrupulous care to avoid any possibility of unfair suggestion.

There is no need to burden this opinion with any lengthy restatement of the applicable law which has been enunciated in numerous recent decisions. The law is clearly and adequately set forth in *Simmons* v. *United States,* 390 U.S. 377 [19 L.Ed.2d 1247, 88 S.Ct. 967], and in the recent decision of the California Supreme Court in *People* v. *Bauer,* 1 Cal. 3d 368 [82 Cal.Rptr. 357, 461 P.2d 637]. Other representative decisions are *People* v. *Romero,* 272 Cal.App.2d 39, 49 [77 Cal.Rptr. 175]; *People* v. *Hughes,* 271 Cal.App.2d 288, 289-290 [76 Cal.Rptr. 369]; *People* v. *Neal,* 271 Cal.App.2d 826, 831 [77 Cal.Rptr. 65]; and *People* v. *Pettersen,* 268 Cal.App.2d 263, 267-268 [73 Cal.Rptr. 693]. The record in this case discloses no violation of any rule of law enunciated in *United States* v. *Wade,* 388 U.S. 218 [18 L.Ed.2d 1149, 87 S.Ct. 1926], or in *Gilbert* v. *California,* 388 U.S. 263 [18 L.Ed.2d 1178, 87 S.Ct. 1951].

Equally unsubstantial is appellant's contention, made upon the basis of unsupported assertions of fact, that his case was prejudiced when on one occasion, as he apparently told his trial counsel, he had been "led up to the courtroom in the presence of the jury handcuffed with the witness Mr. Peters."

In appellant's brief this contention is argued on the basis of an assumption that appellant and Peters were taken to the courtroom handcuffed to each other. This assumption is not supported by the record. The following quotation from the transcript of the oral proceedings which followed the opening of one of the afternoon sessions of the trial embraces the only portion of the record containing any reference whatsoever to the use of handcuffs:

"THE COURT: People against Lineman. The record will show the Defendant and both counsel are present in the absence of the jury. MR. OVERLAND: Yes, Your Honor. The defendant Lineman has requested I state for the record that he objects to being led up to the courtroom in the presence of the jury handcuffed with the witness Mr. Peters. He has asked me to ask the Court for a mistrial. I'm not sure whether there is grounds for a mistrial on that basis. At any rate, I would ask the Court to instruct the Bailiff that this not be done again in the presence of the jury. THE COURT: We always try to avoid having the defendant in handcuffs in the presence of the jury. In a courthouse such as this, it is almost impossible to be sure that happens at all times. I don't know the facts in this particular instance, but Mr. Bailiff, will you see that Mr. Peters and Mr. Lineman are taken down separately this afternoon. MR. OVERLAND: Thank you. THE COURT: All right. I am sure the jury knows that Mr. Lineman is in custody and I just don't see how he has actually suffered any prejudice. I wish we had different entrances so that the defendants could be brought up separately from the jurors, but we just don't have that, and I am going to deny your motion for a mistrial."

Even if we were to regard the quoted statements of appellant's trial counsel as factual representations which we should accept as true, it is manifest that the most that we could assume would be that appellant had told his attorney that he had been "led up to the courtroom" *with* Peters and that both were handcuffed.

It is equally obvious that the quoted record provides no basis for any tenable claim of prejudicial error. Appellant's counsel on appeal very properly has conceded that "he has found no case law to support his contention" that appellant was prejudiced even on the basis of his own unsupported version of the incident. The decisional law of California dictates the rejection of appellant's contention.

In *People* v. *Chacon,* 69 Cal.2d 765, 778 [73 Cal.Rptr. 10, 457 P.2d 106], our Supreme Court rejected a similar contention observing that a defendant may be required to undergo reasonable restraints when they are necessary to assure his detention and that the case of handcuffs in appropriate circumstances is not unreasonable. Likewise, in *People* v. *Ross,* 67 Cal.2d 64 [60 Cal.Rptr. 254, 429 P.2d 606], the defendant claimed that he had been prejudiced because in the presence of the jury he had been brought into the courtroom handcuffed. In rejecting this claim the Supreme Court commented at page 72: "In the present case, defendant was facing a life sentence and had been previously convicted of robbery. It was a reasonable practice for the sheriff to keep prisoners handcuffed while in transit, and the fact that the handcuffs were removed inside the courtroom rather than outside added to the security. (See *People* v. *Hillery,* 65 Cal.2d 795, 805-806 [56 Cal.Rptr. 280, 423 P.2d 208].) There was no harmful effect of such practice, since the jury knew defendant was in custody.

"Unlike *People* v. *Harrington, supra,* 42 Cal. 165, and *People* v. *Thompson,* 23 Cal.App.2d 339 [72 P.2d 927], where the defendants were chained and shackled during the progress of their trials, here the handcuffs were removed after the sheriff brought defendant into the courtroom. Moreover, in the *Thompson* case, the error was held not prejudicial because the defendant's guilt was so clear and convincing that no miscarriage of justice resulted."

In *People* v. *Pollart,* 208 Cal.App.2d 793, 798 [25 Cal.Rptr. 678], the court disposed of the issue as follows: "Defendant also complains because five jurors saw him handcuffed in the hallway during the luncheon recess. There is nothing in the record to substantiate this contention. Even if it is true, there is nothing unreasonable or prejudicial about this event. A court is entitled to impose reasonable restraints on a defendant." (See also *People* v. *Ray,* 252 Cal.App.2d 932, 973 [61 Cal.Rptr. 1].)

Finally, even if we were to assume any impropriety in connection with the manner in which appellant was conducted to the courtroom on the occasion in question, we would hold in view of the overwhelming proof of appellant's guilt and the relative insignificance of the incident that it was nonprejudicial.

The judgment is affirmed.

Roth, P.J., and Fleming, J., concurred.