**Rocco FUNARI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–01–00128–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 14, 2001.

Discretionary Review Dismissed
March 13, 2002.

Vincent D. Callahan, Attorney At Law, San Antonio, for Appellant.

Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice and PAUL W. GREEN, Justice.

## OPINION

PHIL HARDBERGER, Chief Justice.

Rocco Funari ("Funari") appeals his conviction of aggravated robbery. In his sole point of error, Funari contends that the trial court abused its discretion in denying his motion for mistrial after the trial court bailiffs handcuffed him in the presence of the jury. We affirm the trial court's judgment.

### BACKGROUND

During the testimony of the complainant, defense counsel approached the bench to request a recess because Funari was feeling ill. While defense counsel and counsel for the State were at the bench, Funari stood up and began shouting profanities at the witness. The bailiffs subdued Funari, handcuffing him in the jury's presence. Outside the jury's presence before the proceedings resumed, defense counsel moved for a mistrial. The trial court denied the motion and cautioned Funari that the trial court would not tolerate any further outbursts.

The next day, defense counsel reurged the motion for mistrial. One of the bailiffs, Mike Trevino, was called to testify. Trevino testified that Funari was pounding the table, and the bailiffs were concerned that he could use the pen in his hand as a weapon. Trevino stated that the other bailiff tried to grab Funari's hands, but Funari would not give the bailiff his hands.

At the close of the evidence for the day, defense counsel requested permission to call a witness who was in the courtroom during the outburst. The witness testified that he was sitting in the front row of the courtroom when Funari started shouting profanities and slammed down his pen. One of the bailiffs went behind Funari and put his hand in the middle of Funari's back. Funari stood up for the bailiff to handcuff him. Funari continued to shout profanities. The other bailiff approached Funari and swept Funari and the bailiff to the opposite wall of the courtroom where Funari was handcuffed and tossed into an adjacent room containing a holding cell. Defense counsel reurged the motion for mistrial, which the trial court denied.

The trial court ordered the defendant to be removed from the courtroom after another outburst on the next day of trial proceedings. The defendant was not permitted to return to the courtroom until a sentencing hearing following the jury's verdict.

### DISCUSSION

■ Funari contends that the trial court abused its discretion in denying the motion for mistrial because the bailiffs handcuffed him in the jury's presence. The State responds that the jury only saw Funari in handcuffs for a brief moment, and Funari's actions necessitated the utilization of the restraints.

■ A defendant's constitutional presumption of innocence is infringed when a jury sees him in handcuffs. *Long v. State*, 823 S.W.2d 259, 282 (Tex.Crim.App.1991). For this reason, all efforts should be maintained to prevent a jury from seeing the defendant in handcuffs except where there has been a showing of exceptional circumstances or manifest need for such restraint. *Id.* An exceptional circumstance or manifest need is present where the defendant poses a threat to himself or others. *Marquez v. State*, 725 S.W.2d 217,

228 (Tex.Crim.App.1987) (quoting *Gray v. State,* 99 Tex.Crim. 305, 268 S.W. 941, 949 (1924)); *Brown v. State,* 877 S.W.2d 869, 870 (Tex.App.—San Antonio 1994, no pet.). A trial court is not required to pursue less restrictive means before imposing physical restraints. *Molina v. State,* 971 S.W.2d 676, 679 (Tex.App.—Houston [14th Dist.] 1998, pet. ref'd). The record, however, must clearly and affirmatively reflect the trial court's reasons for imposing the physical restraints. *See id.* We review the trial court's decision under an abuse of discretion standard. *Long,* 823 S.W.2d at 282.

In this case, the record clearly and affirmatively reflects the reason Funari was handcuffed. Given the nature of Funari's outburst, the bailiffs were concerned for the safety of the individuals in the courtroom. Funari was handcuffed when he failed to follow the bailiffs' directions following the outburst. Therefore, the record reflects that an exceptional circumstance or manifest need was present to support the use of the handcuffs because Funari posed a threat to the safety of others.

CONCLUSION

The trial court's judgment is affirmed.