Affirmed and Majority and Dissenting Opinions filed April 24, 2008














Affirmed and Majority and Dissenting Opinions filed April 24,
2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00144-CR

____________

 

RAUL ENRIQUE YGLESIAS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 





 

On Appeal from the 178th
District Court

Harris County,
Texas

Trial Court Cause No. 1023639

 





 

D I S S E N T I N G   O P I N I O N

The majority concludes that although Judge Harmon
abused his discretion, appellant suffered no harm.  Because I believe Judge Harmon=s shackling
appellant caused harm, I respectfully dissent.  

I begin
with a brief history of Judge Harmon’s routine policy of shackling defendants.
Judge Harmon apparently learned through the news media that an inmate in San Francisco stabbed his
counsel with a sharpened toothbrush, and in response, announced a new security
policy.  See Davis v. State, 195
S.W.3d 311, 314 -15 (Tex. App.—Houston [14th Dist.]
2006, no pet.).  Judge Harmon explained:  

The Court is of the opinion this is going to be a general change in
courtroom security, where people who are accused of felony offenses . . .
facing a minimum of fifteen years in prison to life . . . are to be secured during
trial . . . this is a general plan by the court to increase the security in the
courtroom while jurors are present.  

Id.  

This
type of routine shackling is specifically prohibited both by the United States
Supreme Court and the Court of Criminal Appeals.  See Deck v. Missouri,
544 U.S.
622, 626-27 (2005); Long v. State, 823 S.W.2d 259, 283 (Tex. Crim. App. 1991) (stating that the fact a person is charged
with a serious felony cannot override that person=s constitutional right not to be
shackled).  As noted by the majority, appellant had not threatened harm or
escape and was medically unable to commit violence due to his diabetic
condition.  Still, the trial court judge ordered that appellant be
shackled during trial.  The majority finds no harm because the trial court
judge told defense counsel that the jury could not see
the shackles.[1] 
Both the United States Supreme Court and Court of Criminal Appeals have
recognized that the accused may suffer harm even when the jury is unaware of
shackles.  Factors we consider in determining harm include: (1) its
probable collateral implications; (2) the source and nature of the error; and
(3) whether declaring it harmless would encourage its repetition with impunity. 
Orona v. State, 791 S.W.2d 125, 130 (Tex. Crim.
App. 1990).[2]


This
type of needless restraint has significant collateral implications. 
Restraining the accused offends the dignity and decorum of judicial
proceedings.  See Deck, 544 U.S. at 631 (stating that routine
shackling undermines the courtroom=s formal dignity and respectful
treatment to defendants); Brown v. State, 877 S.W.2d 869, 871 (Tex. App.CSan
Antonio 1994, no pet.) (stating that physical
restraints insult the court and its proceedings).  Moreover, restraints
are distracting and embarrassing for the accused and potentially impair his ability to participate in his own defense.  Deck,
544 U.S. at 631  (citing People v. Harrington, 42 Cal. 165, 168
(1871) (noting that shackles impose physical burdens, pains, and restraints
that tend to confuse and embarrass the accused and materially abridge and
prejudicially affect his constitutional rights)); Brown, 877 S.W.2d at
871 (stating that less overt, but just as harmful, is the interference that a
physical restraint causes with the accused=s thought processes, the use of his
mental faculties, and his ability to communicate with counsel during trial). 

The nature and source of this error
is the trial court, which is of great significance in our harm analysis.  Davis, 195 S.W.3d at 319; Ex parte Werne, 118 S.W.3d 833, 837 (Tex. App.CTexarkana 2003, no
pet.) (stating that it is of substantial
importance when the source of the error is the court itself).  Judge
Harmon, in this case and at least five other cases, shackled defendants in the
face of well-established constitutional law.  See
Grayson v. State, 192 S.W.3d 790, 792 (Tex. App.CHouston [1st Dist.]
2006, no pet); Davis, 195 S.W.3d at 318-19; Boone v. State, 230
S.W.3d 907, 911 (Tex. App.CHouston
[14th Dist.] 2007, no pet); Ramirez v. State, No. 14-05-00435-CR, 2006
WL 2345952, at *3 (Tex. App.CHouston
[14th Dist.] August 15, 2006, no pet.) (mem. op., not designated for publication); Wiseman v.
State, 223 S.W.3d 45, 50-51 (Tex. App.CHouston [1st Dist.]
2006, pet. ref=d).  He continued a practice and policy of needlessly
restraining defendants contrary to the law=s repugnance of such
restraints.  I fear that the majority=s finding of harmless error will
encourage the practice of needlessly restraining a defendant so long as a judge
carefully protects the record.  See Garcia v. State, 919
S.W.2d 370, 381 (Tex. Crim. App. 2004) (finding error
harmful based in part on fear of encouraging repetition); Davis, 195
S.W.3d at 315; Kelly v. State, 903 S.W.2d 809, 812 (Tex. App.CDallas
1995, pet. ref=d) (finding harm based solely on need to prevent repetition of error that
was committed at least two other times in past year).  Accordingly, I
would find error in this case, and reverse and remand for a new
trial.   

 

 

 

 

/s/        Adele
Hedges

Chief Justice

 

 

 

 

 

Judgment rendered and Majority and
Dissenting Opinions filed April 24, 2008.

Panel
consists of Chief Justice Hedges, Justice Frost, and Senior Chief Justice
Murphy.*
(Frost, J. Majority).

 

Publish C Tex. R. App. P. 47.2(b).                           


 

 

 

 

*                           















[1]  Though in certain circumstances Texas courts have found
that no harm results from restraining the accused when the restraints were not
visible, this case goes beyond an affirmative showing of visible shackles. 
Contrary to the majority=s analysis, our
Court has held that a trial court=s
error in ordering a defendant be shackled is not exclusive to cases involving
visible shackles or the defendant=s
inability to communicate with counsel.  See Davis, 195 S.W.3d at
318-19.  A defendant=s
right not to be shackled also encompasses: (1) the courtroom=s formal dignity; (2) the respectful treatment of
defendants; (3)  embarrassment and distraction to
the defendant; (4) the physical burden and pain of restraints; and (5)
interference with a defendant=s thought process. 
Id. at 318 (citing Deck, 544 U.S.
at 626-27; Brown v. State, 877 S.W.2d 869, 871 (Tex. App.CSan Antonio 1994, no
pet.); People v. Harrington, 42 Cal.
165, 168 (1871); United States v. Durham, 287 F.3d 1297, 1304 (11th Cir.
2002)).  





[2]  The majority concludes that these factors are
irrelevant in our harm analysis because the instant case does not entail
visible restraints or impaired communication.  Our Court held in Davis that these
factors are considered in any non-structural constitutional error analysis,
such as the appeal before us.  Davis,
195 S.W.3d at 317.





*  Senior Chief Justice Paul
C. Murphy sitting by assignment.