## ROBERT POOL v. THE STATE.

### No. 639. Decided June 1, 1910.

**1.—Maiming—Aggravated Assault—Charge of Court.**

In a prosecution charging defendant with maiming, there was no error in the court's charge in submitting aggravated assault, as under the statute maiming includes aggravated assault.

**2.—Same—Practice in County Court—Charge of Court.**

Where, upon trial of maiming, the defendant made no request for a charge on simple assault, he could not complain of the court's failure to charge on simple assault in his motion for new trial.

**3.—Same—Serious Injury.**

Where, upon trial for maiming, the evidence showed that the defendant bit off a part of the prosecutor's ear, there was no error in the court's action to submit aggravated assault.

Appeal from the District Court of Titus. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of aggravated assault; penalty, a fine of $100.

The opinion states the case.

*Rolston & Ward,* for appellant.—On the question that a conviction for aggravated assault can not be sustained: Williamson v. State, 5 Texas Crim. App., 485; Flynn v. State, 8 Texas Crim. App., 368; Meier v. State, 10 Texas Crim. App., 39; Marshall v. State, 13 Texas Crim. App., 492; Foreman v. State, 57 S. W. Rep., 843.

*John A. Mobley,* Assistant Attorney-General, for the State.—On question of submitting aggravated assault, etc.: Cases cited in opinion.

McCORD, JUDGE.—The indictment in this case charged appellant with making an assault upon one Holcomb, and did then and there unlawfully, wilfully and maliciously "cut off and bite off and chew off with his teeth, and deprive the said W. F. Holcomb of an ear,

to wit, his right ear, and thereby deprive him of said member of his body, thereby maiming him, the said Holcomb." And in the second count it was charged that he disfigured the said Holcomb by then and there maliciously placing a mark by means of his teeth upon the face of him, the said Holcomb, to disfigure him by biting off a part of his right ear against the peace and dignity of the State. The court submitted the case to the jury and directed the jury that if they found beyond a reasonable doubt that the defendant did bite off enough of the ear of Holcomb as to be a substantial deprivation of his ear, and that he bit it off wilfully and maliciously, that they would convict. He further directed the jury that if the appellant with intent to injure unlawfully bit off a part of the ear of Holcomb and thereby inflicted on his person a serious injury, and that the evidence failed to establish that defendant bit off enough of the ear as to essentially deprive him of his ear, they would find defendant guilty of an aggravated assault and battery and assess his punishment, etc.

The contention is made, and it was insisted upon by appellant in his motion for new trial and complained of here, that maiming does not include aggravated assault and battery, and that the court erred in giving this charge to the jury and in not following the same up with a charge on simple assault. White's Penal Code, article 612, says: "To maim is to wilfully and maliciously cut off or otherwise deprive a person of the hand, arm, finger, toe, foot, leg, nose or ear; to put out an eye or in any way to deprive a person of any other member of his body." Article 604, White's Penal Code, provides: "If any person shall assault another with intent to commit the offense of maiming, disfiguring or castration, he shall be punished by fine not exceeding one thousand dollars, or by imprisonment in the penitentiary not less than two nor more than five years; and if such assault be made by a person or persons in disguise, the penalty shall be double." In the succeeding article it is stated if any person shall assault another with intent to murder, he shall be punished, etc. Article 614 provides: "To disfigure is to wilfully and maliciously place any mark by means of a knife or other instrument upon the face or other part of the person." The facts in this case show that the appellant was drunk and that the prosecuting witness Holcomb, who was a constable, went to arrest him, and when he took hold of the defendant, the defendant threw his arms around Holcomb and grabbed him by the ear and bit a part of it off. Maiming and disfiguring carry with them an assault with intent to maim and disfigure. Article 752, Code of Criminal Procedure, provides as follows: "The following offenses include different degrees: 1. Murder, which includes all the lesser degrees of culpable homicide, and also an assault with intent to commit murder. 2. An assault with intent to commit any felony, which includes all assaults of an inferior degree. 3. Maiming, which includes disfiguring, wounding,

aggravated assault and battery and simple assault and battery," etc. The statute has settled this question adversely to appellant's contention, and by the terms thereof maiming includes aggravated assault and simple assault.

Appellant also complains that the court was in error in not submitting simple assault to the jury. Appellant made no request for such a charge and complained of it in the motion for new trial. We are of opinion that to bite off a part of a man's ear is of a serious character, and simply because it is not followed with an apprehension of death would not deprive it of its serious character. Again, it is an aggravated assault when committed upon an officer in the lawful discharge of the duties of his office, if it was known to the offender that the person assaulted was an officer discharging his duty. It is true this ground was not submitted to the jury in the charge, yet we think under the indictment it could have been submitted and could have been considered by the jury, but as the appellant was convicted of aggravated assault and there was no charge requested for simple assault, we feel that the court was justified under the facts of the case in not submitting simple assault to the jury, and that there was no error prejudicial to the rights of the appellant committed on the trial of the case, and the judgment will therefore be affirmed, and it is accordingly so ordered.

*Affirmed.*