**Robert Chappel MORRIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36985.**

Court of Criminal Appeals of Texas.

June 3, 1964.

Rehearing Denied Oct. 14, 1964.

Hughes & Diamond, by Edward C. Hughes, El Paso, for appellant.

Edwin F. Berliner, Dist. Atty., Sam W. Callan and Charles Andrew Gary, Asst. Dist. Attys., El Paso, and Leon B. Douglas State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for maiming, the punishment, six years.

The assaulted party, Candelario Hernandez, owned and operated a bar, and also

owned and lived in one of six apartments adjacent to the bar which were located alongside and opened onto the sidewalk. While standing on the sidewalk about 7:30 p. m., near the bar, Hernandez saw the appellant pulling on the screen doors and peeping into the windows of the apartments as appellant moved along the sidewalk toward him. Upon approaching Hernandez, the appellant said: "Probably you don't like it," and began striking at Hernandez. Hernandez fell on his face, and appellant fell on top of him. Appellant bit Hernandez on the shoulder, and when he turned the appellant bit off a part of his nose with his teeth. Prior to the attack, the nose of Hernandez was in normal condition and shape. An officer found a thick piece of a nose next to the curb in the street near the bar of Hernandez.

The physician who examined Hernandez at the hospital testified that the tip of the nose including a part of the cartilage and the part that flares out had been severed.

The appellant did not testify but called one witness who testified that Hernandez ran to his place seeking help and an ambulance and the police were called.

■ Appellant contends that the trial court erred in authorizing his conviction if the jury found beyond a reasonable doubt that he wilfully and maliciously deprived Hernandez of a substantial portion of his nose by biting it off with his teeth, on the ground that the statute only makes it an offense to deprive a person of a member of his body, to-wit, the nose, and does not mention substantial portion.

Art. 1166 P.C. provides in part:

"Whoever shall wilfully and maliciously cut off or otherwise deprive a person of the * * * nose * * *" shall be guilty of maiming.

The objection was that "the charge should read as the Statute indicates without a charge as to 'substantial portion'. The Statute reads: 'deprive a person of a member of his body; to-wit, a nose', and does not mention substantial portion, and the objection is based upon these grounds."

It appears that the court would have sufficiently complied with the meaning of the statute, if the charge had required a finding that appellant bit off the nose of Hernandez to such an extent as to substantially deprive him of his nose. Bowers v. State, 24 Tex. App. 542, 7 S.W. 247; Pool v. State, 59 Tex. Cr.R. 482, 129 S.W. 1135. The cases cited do not, however, sustain appellant's contention that under the evidence the court reversibly erred in authorizing a conviction upon a finding that the appellant deprived Hernandez of a "substantial portion" of his nose.

■ By formal bill, the appellant strenuously insists that the trial court erred in permitting the use of handcuffs and leg irons on the appellant in view of the jury throughout the trial, over his objections made before and when the trial began on the ground that the display of such manacles would prejudice his rights before the jury and further, that the appellant did not act in a violent or hostile manner at any time in the courtroom and showed no animosity toward anyone in the courtroom. To such rulings and action of the court, the appellant reserved his exception.

The trial court certified in the bill: "* * * that the Defendant was walked into the Court handcuffed to the front and in leg-sha kles out of the presence of the Jury and sat at the counsel table in said handcuffs and leg-sha kles when in the presence of the Jury; QUALIFIED FURTHER to reflect that Defendant was escorted into Court by extra Bailiff who remained near Defendant during the entire trial—said extra security being concurred in by Defense Counsel; QUALIFIED FURTHER to reflect that at the time the Court ordered that the handcuffs and leg-

sha_kles were to remain on Defendant during the trial, following the recommendation of the Captain of the County Jail, (see Statement of Facts on Motion for New Trial), the Court had been informed the following: that this Defendant had attempted to assault the extra bailiff who brought the Defendant to the Court just prior to Defence's objection at the beginning of the trial; that this Defendant was charged with assaulting two police officers during a prior arrest on another offense; that during his arraignment for this offense in the Justice Court, this Defendant had threatened an assistant county attorney by saying, 'shut up * * * or I'll kill you'; that during his jail confinement, this Defendant had told the Captain of the County Jail, 'I'm going to kill that Mexican', referring to another prisoner, and had to be moved to another cell; that the psychiatrist report indicated that this Defendant was an alcoholic and subject to acts of hostility; and that the Captain of the County Jail felt that the handcuffs and leg-sha_kles should remain on the Defendant during the trial for 'the protection of this Court.' "

From a careful review and consideration of all the facts and circumstances before the trial judge, it is concluded that he did not abuse his discretion in permitting the use of the safeguards during the trial. Gray v. State, 99 Tex.Cr.R. 305, 268 S.W. 941.

■ Complaint is made of the failure of the court to charge on insanity or temporary insanity. There is no evidence raising either of these issues. Hence no error is shown.

The other contentions presented have been considered and they do not show error.

■ Finding the evidence sufficient to support the conviction, and no error appearing, the judgment is affirmed.

Opinion approved by the Court.