O. D. MOORE, Appellant,

v.

The STATE of Texas, Appellee.

No. 51220.

Court of Criminal Appeals of Texas.

April 14, 1976.

Macon D. Strother, San Augustine, for appellant.

Bill A. Martin, Dist. Atty., Newton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for murder with malice under our former Penal Code. A jury assessed punishment at confinement for life.

Appellant contends the trial court erred in requiring him to wear handcuffs in the presence of his jury.

The record reflects that on two occasions, in full view of the jury panel, the sheriff escorted appellant in handcuffs into the courtroom and removed the handcuffs after appellant was seated. Objections were made outside the hearing of the jury on each occasion and a motion to dismiss the panel and draw another panel was made and overruled. Three other times during

the trial appellant was brought into the courtroom in handcuffs and seen by jurors.

■ After the first objection the trial judge stated that he would consult the sheriff as to the necessity of the handcuffs. At the hearing on appellant's motion for new trial, the sheriff attempted to explain the use of handcuffs.[1]

As justification for the action complained of, the sheriff testified that it was necessary to take appellant "out of [my] jail, across the courthouse campus, up inside the courthouse, upstairs, and into an empty room, which is the district clerk's office, and then into the courtroom." Because large crowds were gathered, it was felt that for the protection of all appellant should be handcuffed during the trips between the jail and the courthouse.

■ No justification at all was necessary for handcuffing the appellant during trips between the jail and the courthouse, for the record does not reflect that any juror would have had occasion to see him during such trips. This is not true of such display before jurors. The harm that a defendant suffers when the jury sees him in handcuffs is that his constitutional presumption of innocence is thereby infringed. *Thompson v. State,* Tex.Cr.App. 514 S.W.2d 275; *Walthall v. State,* Tex.Cr.App., 505 S.W.2d 898; *Hernandez v. Beto,* 443 F.2d 634 (5th Cir. 1971); see also American Bar Association Standards Relating to Trial by Jury, Sec. 4.1 (Approved Draft, 1968). In *Gray v. State,* 99 Tex.Cr.R. 305, 268 S.W. 941, this Court stated:

"We desire to make it perfectly plain that we regard a trial with the prisoner in irons as obnoxious to the spirit of our laws and all ideas of justice, and it is only when the record brings the case clearly within one of the rare exceptions that we would consent for a conviction to stand. Before a judge should permit a case to proceed under such circumstances, he should be very sure of his ground." 268 S.W. at 950.

The "rare exceptions" referred to in *Gray* are:

". . . if, in the sound discretion of the court, it appears necessary to retain his shackles to prevent the escape or self-destruction of the prisoner, or to prevent him from injuring bystanders or officers of the court, or if necessary to maintain a quiet and peaceable trial, the court may try the prisoner without having the shackles removed; his action being subject to the closest scrutiny and review by the appellate court." 268 S.W. at 949.

In the instant case apparently neither the sheriff nor the trial judge believed that any such "rare exceptions" existed because appellant was in fact allowed to sit free and unfettered during the trial itself.

■ We conclude from the failure of the record to affirmatively reflect sufficient reasons for the appellant to be viewed by the jurors in handcuffs that the trial court abused its discretion in permitting such action over appellant's objection.

■ Because of our disposition of this ground of error, it is not necessary to rule on appellant's complaint relating to jury misconduct during punishment deliberations. We note, however, that jury discussion of parole laws is always misconduct; whether the same constitutes such error as to mandate reversal depends upon the particular circumstances of each case. *Heredia v. State,* Tex.Cr.App., 528 S.W.2d 847.

■ The trial court should always attempt to eliminate the possibility of such

---

1. We note that but for the evidence adduced at this hearing the record would be barren of any justification for the sheriff's actions. We reiterate that it is the responsibility of the *trial court* to cause the record to reflect the reasons why a defendant must appear before the jury in handcuffs. *Thompson v. State,* 514 S.W.2d 275, Tex.Cr.App.; *Walthall v. State,* 505 S.W.2d 898 (Tex.Cr.App.); *Romero v. State,* 493 S.W.2d 206, Tex.Cr.App.

misconduct by instructing the jury at the punishment phase that it should not discuss or consider the possible effects of the parole laws or system. No such instruction appears in the record herein.

The judgment is reversed and the cause remanded.