Opinion issued March 30, 2006













In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00615-CR




MICHAEL DAVE GRAYSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 992888




O P I N I O N
          Appellant was charged by indictment with aggravated sexual assault of a child
under the age of 14. A jury found appellant guilty as charged and assessed
punishment at confinement for 15 years. On appeal, appellant complains of being
required to wear shackles before the jury and the prosecutor’s closing jury argument.
          We affirm. 
Trial in Shackles
          In his first point of error, appellant contends that the trial court erred by
overruling his objection to the trial judge’s requirement that appellant proceed to trial
before the jury while wearing shackles.
          Prior to the commencement of voir dire, appellant’s attorney made the
following objection to the trial judge:
Mr. Grayson is charged with two first degree felonies of
aggravated sexual assault of a child. He does have one prior conviction
of possession of narcotics, of cocaine, and he’s being shackled here in
court, Judge. I don’t think there’s ever been any demonstrated - - any
evidence that he’s showed that he is of a violent nature, Judge, or he’s
a risk to run away.
 
We object to him, for the record, having shackles put on him
during the court trial, Judge. This is a jury trial. I think it’s highly
prejudicial and denies him the right to a fair trial in court. If the jury
were to see him in leg irons, they would know that he is in custody. I
think that would be an unfair trial for him, Judge. 

          The judge responded, “Denied. Let the record reflect that Mr. Grayson is
seated in a position where it is impossible for any members of the panel to observe
that he is, in fact, shackled.” There are no additional references to the shackles in the
record. 
          The right to a fair trial is a fundamental liberty secured by the Fourteenth
Amendment. Estelle v. Williams, 425 U.S. 501, 503, 96 S. Ct. 1691, 1692 (1976). 
Under our system of criminal justice, the presumption of innocence is a basic
component of a fair trial. Id. The harm an accused suffers when the jury sees him in
shackles is that his constitutional presumption of innocence is infringed. Moore v.
State, 535 S.W.2d 357, 358 (Tex. Crim. App. 1976). All efforts should be made to
prevent a jury from seeing a defendant in shackles unless there has been a showing
that there are exceptional circumstances requiring a need for such restraints. Long
v. State, 823 S.W.2d 259, 282 (Tex. Crim. App. 1991). Under such exceptional
circumstances, it is within the discretion of the trial court to require the defendant to
be tried in restraints. Id. However, the record must clearly and affirmatively reflect
the trial judge’s reasons for placing the defendant in restraints. Id. The fact that a
defendant is charged with a serious felony does not provide a basis for shackling that
defendant during trial. Id. at 283. Likewise, a general concern for security is not
sufficient. Id. The reasons must be stated with particularity. Marquez v. State, 725
S.W.2d 217, 227 (Tex. Crim. App. 1987). We review the trial court’s ruling for abuse
of discretion. Long, 823 S.W.2d at 282. 
          In this case, there is nothing in the record to indicate that appellant was a
security risk or that he had shown any tendency to violent behavior at trial. The trial
judge did not attempt to state any reasons to support requiring appellant to be tried
in shackles. Rather, he put on the record that the jury could not see those shackles. 
We hold that by requiring appellant to be tried in shackles in the absence of any
exceptional circumstances, the trial judge abused his discretion.
          However, this holding does not end our inquiry. Consistent with rule 44.2 of
the Texas Rules of Appellate Procedure, we must consider whether the trial court’s
error prejudiced appellant. See Tex. R. App. P. 44.2(a). Because the error implicated
appellant’s constitutional rights, we must reverse the judgment unless we determine
beyond a reasonable doubt that the error did not contribute to the conviction or
punishment. Id. 
          In Long, a case with similar facts to this case, the Court of Criminal Appeals
held that, because the judge took measures to prevent the jury from seeing the
defendant’s shackles, the judge’s abuse of discretion did not prejudice the defendant. 
Long, 823 S.W.2d at 283. In the present case, there is nothing in the record to show
that the jury saw appellant’s shackles. The judge’s statement that the shackles could
not be seen by the jury was uncontradicted. 
          The State’s brief has informed this Court that there are currently three
additional cases on appeal from the same district court raising the same issue
regarding the defendants’ restraint during their trials. Those cases are Wiseman v.
State, No. 01-05-00515-CR; Davis v. State, No. 14-05-00325-CR; and Ramirez v.
State, No. 14-05-00435-CR. The Court of Criminal Appeals reaffirmed in Moore v.
State what it first said in Gray v. State: 
We desire to make it perfectly plain that we regard a trial with the
prisoner in irons as obnoxious to the spirit of our laws and all ideas of
justice, and it is only when the record brings the case clearly within one
of the rare exceptions that we would consent for a conviction to stand.

Moore v. State, 535 S.W.2d 357, 358 (Tex. Crim. App. 1976) (quoting Gray v. State,
268 S.W. 941, 950 (Tex. Crim. App. 1924) (op. on mtn. for reh’g)). Requiring a
criminal defendant to be tried in restraints without adequate reason is repugnant to
the spirit of our laws and ideas of justice whether those restraints are visible or
unseen. Nevertheless, because this Court is bound by the precedent set by Long, we
are constrained to hold that the trial judge’s abuse of discretion was harmless. 
Closing Argument
          In his second point of error, appellant contends that the trial court erred by
overruling his objection to improper jury argument. During closing argument at the
guilt-innocence phase of the trial, the prosecutor argued that the bad judgment shown
by various people associated with the complainant and the complainant’s “crush” on
appellant did not justify appellant’s actions. The following then occurred:
THE STATE: When I was in the seventh grade I had a crush on
my English teacher, Mr. Elizondo (phonetic). I remember when we did
Romeo and Juliet, I was so - - 
 
COUNSEL FOR APPELLANT: Objection to the personal
background, improper jury argument.
 
THE COURT: Let’s proceed.
 
THE STATE: I remember I was so excited because I got to read
the part of Juliet. But don’t you know Nick Elizondo, Mr. [Elizondo]
did not do anything to this 12-year-old person that had a crush on him,
because grownups should know better. . . . 

          To preserve error based on improper jury argument, a defendant must object
and obtain an adverse ruling. Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App.
1996). In this case, the trial judge did not make a ruling on appellant’s objection. He
simply said, “Let’s proceed.” Thus, we have nothing preserved for review. 
          We overrule appellant’s second point of error.
CONCLUSION
          We affirm the judgment.
 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Hanks.

Publish. Tex. R. App. P. 47.2(b).