Opinion filed February 26, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed February 26,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-07-00109-CR 

                                                     __________

 

                                         ROY
LEE FORD, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,  Appellee

 

 



 

                                        On
Appeal from the 252nd District Court

 

                                                       Jefferson
County, Texas

 

                                                    Trial
Court Cause No. 95767

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted Roy Lee Ford of aggravated sexual assault of a disabled child
and assessed his punishment at confinement for life in the Institutional
Division of the Texas Department of Criminal Justice.  Appellant challenges his
conviction in three issues.  We affirm.  

                                                              Factual
Background








Appellant
does not challenge the sufficiency of the evidence supporting his conviction. 
Accordingly, we will limit our discussion of the evidence offered at trial.  In
this regard, the State offered significant evidence of appellant=s guilt.  A passerby
testified that she observed appellant having sexual intercourse with the victim
inside his place of business.  Police officers responding to the scene removed
appellant and the victim from the business.  A sexual assault nurse examiner
who examined the victim immediately after the episode observed a fresh injury
of the victim=s
vaginal area. 

The
trial court appointed counsel for appellant on September 2, 2005.  Appellant
subsequently became dissatisfied with appointed counsel.  At a hearing
conducted on May 9, 2006, appellant informed the trial court that he wanted to Arelieve [appointed counsel]
of his duties@ and
represent himself pro se.  Appellant then engaged in the following dialogue
with the trial court:

THE
DEFENDANT:  I admitted [sic] the State Bar in 1969.  I=ve got my license for 16 years and I never had
one grievance filed against me and I do know courtroom procedure.

 

THE
COURT: Okay.

 

THE
DEFENDANT: I will just conduct my own defense.

 

THE
COURT: Are you still a licensed attorney?

 

THE
DEFENDANT: My license is in voluntary suspension right now because I haven=t practiced law in 16
years.

 

THE
COURT: Do I need to explain to you the pitfalls of representing yourself?

 

THE
DEFENDANT: I know the pitfalls of it; but I don=t
have any choice if I don=t
have any representation, Your Honor.

 

THE
COURT: Well, I=m going
to let you do whatever you want to do.  If you want to represent yourself your B

 

THE
DEFENDANT: I only had five minutes in nine months to talk to the man who won=t even answer my letters I
wrote him.

 

THE
COURT: Do you want me to relieve [appointed counsel] on your case or do you
want to represent yourself?

 

THE
DEFENDANT: I want to represent myself.

 








THE COURT: I=m going to put [appointed
counsel] on as stand-by counsel, and I=m
going to let you represent yourself pro se. 

 

. . . .

 

THE COURT: So,
with that, I=m going
to let you go pro se.  Again, I=m
going to tell you I don=t
advise that you do that.  I=m
going to leave [appointed counsel] as your stand-by attorney, and we=ll get you set for trial.  

 

The
case proceeded to trial on March 19, 2007, with appellant representing
himself.  Consistent with its previous statement, the trial court provided
appellant with stand-by counsel at trial.  Appellant advised the court prior to
jury selection that A[he]
would take an attorney if an attorney would work for [him].@  The trial court informed
appellant that he previously made the choice to represent himself and that the trial
would proceed that day with appellant having stand-by counsel available to
advise him.  At appellant=s
request, the trial court provided him with an opportunity to confer with
stand-by counsel prior to voir dire.  After conferring with stand-by counsel,
appellant advised the court that he needed an attorney to be appointed that
would Aaid and assist@ him in the trial as
opposed to merely advising him on the law.  The trial court denied the request
by making the following ruling: 

[Appellant], you=re the one that made the
request to go pro se in this matter, not me; and I=m going to honor your request.  You do not get
the luxury of showing up down here the day of trial and expecting this man to
be ready.

 

The trial court additionally warned appellant prior to jury selection
that he would harm himself if he continued to interrupt the proceedings.

                                                 Issues 

In
his first issue, appellant contends that the trial court failed to adequately
admonish him concerning the dangers of self-representation.  Appellant argues
that he was denied a right to counsel in his second issue.  Appellant=s third issue addresses the
trial court=s decision
to shackle him during the trial.

                                 Self-Representation and Right to
Counsel








In
all criminal prosecutions, the accused has a right to the assistance of counsel
for his defense. U.S. Const.
amend. VI.  A defendant in a criminal proceeding also has a
Sixth Amendment right to self‑representation rather than being
represented by counsel.  Faretta v. California, 422 U.S. 806, 819
(1975). To choose self‑representation competently and intelligently, the
defendant should be made aware of the dangers and disadvantages of self‑representation
so that the record will establish that the defendant Aknows what he is doing and his choice is made
with his eyes open.@ Faretta,
422 U.S. at 835. The record must contain proper admonishments concerning self‑representation
and necessary inquiries of the defendant so that the trial court may make an
assessment of his knowing exercise of the right to defend himself.  Goffney
v. State, 843 S.W.2d 583, 585 (Tex. Crim. App. 1992). However, the trial
court is not required to follow a particular script of questions and warnings
to establish a knowing and intelligent waiver.  See Blankenship v. State,
673 S.W.2d 578, 583 (Tex. Crim. App. 1984).

In
the typical case, the trial court is generally required to inform the accused
that there are technical rules of evidence and procedure and that the pro se
defendant will not be granted any special consideration.  See Williams v.
State, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008).  The facts in this
appeal are unusual because of appellant=s
previous status as an attorney. As such, appellant obviously possessed a
knowledge of the risks of self-representation.  In this regard, appellant
specifically advised the trial court that he was aware of the pitfalls of
self-representation.  In light of appellant=s
background and his statement that he was aware of the risks of representing
himself, the record establishes that the trial court had an ample basis to
determine that appellant was making a knowing and intelligent waiver of his
right to counsel.  Appellant=s
first issue is overruled.








Appellant
premises his second issue on the trial court=s
failure to appoint counsel for him when he requested it on the morning of
trial.  An accused has the right to withdraw his waiver of the right to
counsel.  See Funderburg v. State, 717 S.W.2d 637, 642 (Tex. Crim. App.
1986).  However, the right to waive self-representation is not without limits. ATrial courts have the duty,
and discretion, to maintain the orderly flow and administration of judicial
proceedings, including the exercise of a defendant=s right to counsel.@ Medley v. State, 47 S.W.3d 17, 23
(Tex. App.CAmarillo
2000, pet. ref=d) (citing
Faretta, 422 U.S. at 834 n.46).  An accused=s right to represent himself or choose his own
counsel cannot be manipulated so as to obstruct the orderly procedure in the
courts or to interfere with the fair administration of justice. Hubbard v.
State, 739 S.W.2d 341, 344 (Tex. Crim. App. 1987).  A decision of the trial
court as to the effect the reclamation of the right by the defendant would have
on the orderly administration of justice will not be disturbed on appeal absent
an abuse of discretion. Medley, 47 S.W.3d at 24. 

In
overruling appellant=s
subsequent request for counsel, the trial court noted that he had not requested
the appointment of counsel during the ten-month period that preceded the date
for trial following his request to represent himself.  The appointment of
counsel for appellant likely would have delayed the proceedings so that the
newly appointed counsel would have an opportunity to prepare for trial.   We conclude
that the trial court did not abuse its discretion in determining that the
appointment of counsel for appellant would disrupt the orderly administration
of justice.  Appellant=s
second issue is overruled.

                                                  Restraint
of Appellant During Trial

Appellant
argues in his third issue that the trial court erred by shackling him during
trial without sufficient evidence to warrant the use of physical restraints. 
The first mention in the record of appellant being shackled to the floor at
counsel=s table
occurred during his voir dire examination of the jury.  Appellant stated as
follows to the venire panel:  AI=m not even afforded the
opportunity to stand up there at the podium like the district attorney here
because I=m chained to
the floor.  Bad criminal.  Bad criminal.@ 
The trial court noted at the end of the voir dire examination that a skirt
placed around appellant=s
counsel table concealed the restraint from view.  Appellant made a subsequent
reference to the restraint while cross-examining the eyewitness to the crime. 
Appellant informed the court that the restraint restricted his ability to
demonstrate how he allegedly committed the act of sexual intercourse with the
victim.  The trial court provided appellant with the following explanation of why
he was shackled to the floor: 

Well,
I=ll just tell you
every time you=ve been
in this courtroom you have been one of the most combative and appeared to be
one of the more violent offenders that this Court has ever come into contact
with.  And it=s for
your safety and for everyone else=s
safety that that chain=s
going to stay on your foot.

 








The
right to a fair trial is a fundamental liberty secured by the Fourteenth
Amendment. Estelle v. Williams, 425 U.S. 501, 503 (1976).  In our
criminal justice system, the presumption of innocence is a basic component of a
fair trial.  Id.  When the jury sees the defendant in shackles, his
constitutional presumption of innocence is infringed.  Moore v. State,
535 S.W.2d 357, 358 (Tex. Crim. App. 1976).  The trial court should make all
efforts to prevent a jury from seeing a defendant in shackles unless there has
been a showing that there are exceptional circumstances requiring a need for
such restraints. Long v. State, 823 S.W.2d 259, 282 (Tex. Crim. App.
1991).  Under such exceptional circumstances, it is within the discretion of
the trial court to require the defendant to be tried in restraints. Id.
But the record must clearly and affirmatively reflect the trial court=s reasons for placing the
defendant in restraints.  Id.  We review the trial court=s ruling for abuse of
discretion. Long, 823 S.W.2d at 282.

Appellant
contends that the use of shackles negatively affected him in two ways.  First,
he argues that the use of the shackles in the presence of the jury
impermissibly infringed upon his constitutional presumption of innocence.  We
disagree.  As noted above, the shackles were not readily visible to the jury
because of a skirt that had been placed around appellant=s counsel table.  The jury only learned of the
shackles by virtue of appellant=s
disclosure in an apparent attempt to garner sympathy from the jury.  It is a
well‑settled principle of law that a criminal defendant cannot invite
error and then complain of it on appeal. See Prystash v. State, 3 S.W.3d
522, 532 (Tex. Crim. App. 1999).  Furthermore, the trial court explained to
appellant that he was restrained based upon his combative and violent nature. 
The record does not reflect that the trial court abused its discretion in
making this determination.

Appellant
additionally contends that the restraints impeded his ability to engage in a
courtroom demonstration.  The trial court permitted appellant to attempt the
demonstration at counsel tables.  The record does not indicate that the trial
court abused its discretion in deciding that appellant remained shackled during
his demonstration.  In this regard, a trial court has broad discretion in the
conduct of a trial proceeding.  See State ex rel. Rosenthal v. Poe, 98
S.W.3d 194, 199 (Tex. Crim. App. 2003) (orig. proceeding). Appellant=s third issue is
overruled.  

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

February 26,
2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J., 

McCall, J., and Strange, J.